# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Jerome Hart a/k/a Jerome V. Hart,** ) | Civil Action No. 9:13-0260-MGL-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| **Lt. John Doe, Nurse Jane Doe and** ) | |
| **Doctor NFN Miles,** ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The pro se Plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. On August 5, 2013, the Defendants filed a motion to dismiss or for summary judgment. As the Plaintiff is proceeding pro se, a Roseboro Order was entered by the Court on August 6, 2013, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to file a properly supported response, the Defendants' motion may be granted, thereby ending his case. However, notwithstanding the specific warning and instructions as set forth in the Court's Roseboro order, the Plaintiff failed to respond to the motion, or to contact the Court in any way. Accordingly, a Report and Recommendation was entered on September 13, 2013 recommending that this case be dismissed for failure to prosecute. See Davis v. Williams, 58 F.2d 69, 70 (4th Cir. 1978); Rule 41(b),

1

Fed.R.Civ.P.

Following the issuance of the Report and Recommendation, Plaintiff filed a motion for an extension of time to respond to Defendants' motion to dismiss or for summary judgment, and in consideration of Plaintiff's pro se status, the undersigned entered on an Order on September 18, 2013 vacating the Report and Recommendation and granting Plaintiff an extension of time to October 2, 2013 to respond to the Defendants' motion. However, that period of time has now also expired, with Plaintiff still having failed to file any response to the Defendants' motion to dismiss or for summary judgment. Defendants' motion is now before the Court for disposition.[1]

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion to dismiss or for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



2

which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exist. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Here, Plaintiff's pro se complaint did not initially identify any named Defendant; rather, it listed four "John Doe" Defendants. Plaintiff's claim concerns an incident that occurred on or about May or June 2011 when he slipped and fell in the shower at the Lexington County Detention Center. Plaintiff alleges that he was thereafter taken to the medical unit at the Detention Center and was seen by "Doctor John Doe", who gave Plaintiff some pain medication for injuries to his right shoulder and elbow. Plaintiff alleges that he was also given a walker. Plaintiff alleges that the walker was eventually taken away from him, and he slipped and fell in the shower again in November 2011. Plaintiff alleges that "Nurse John Doe" thereafter treated him for injuries to his back, hip and head by giving him pain medication. Plaintiff further alleges that this Nurse stated that "Lt. John Doe" should have never taken his walker from him. Plaintiff alleges his pain continued so he was eventually seen by "Doctor John Doe" again, but that when he requested to see the doctor after that his request was denied. Plaintiff seeks compensatory and punitive damages, apparently for the lack of care he received. See generally, Plaintiff's Verified Complaint.[2]

Plaintiff was subsequently able to identify Dr. William Miles as the physician who attended him at the jail, and the Complaint was amended to specifically name this Defendant. See Court Docket Nos. 22 and 24. The Defendant Miles was thereafter served with process and has filed an Answer. No other "John Doe" Defendant has ever been identified or served with process. In the motion to dismiss or for summary judgment (that has been filed by Dr. Miles, as the only Defendant

---

[2]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).



3

who has been identified and served with process), the Defendant argues that this action is subject to dismissal for failure of the Plaintiff to exhaust his administrative remedies at the jail prior to filing this lawsuit. Dr. Miles further argues that Plaintiff has failed to submit any evidence of a constitutional claim, and has attached an affidavit in which he attests that Plaintiff was provided with medical care and treatment for his complaints, and that all care and treatment rendered to the Plaintiff was within the appropriate standard of care. See Exhibit (Miles Affidavit). After careful review and consideration of the Defendants' motion, the attached affidavit, and Plaintiff's own sworn statements as are set forth in his verified Complaint, the undersigned finds and concludes that this case should be dismissed for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit.

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through the enactment of this statute, Congress has mandated exhaustion regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; see also Claybrooks v. Newsome, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001) (unpublished opinion) [applying Booth v. Churner to affirm district court's denial of relief to plaintiff]. Accordingly, before Plaintiff may proceed on his claim in this Court, he must first have exhausted the Detention Center's administrative remedies.

The Defendants have the burden of showing that Plaintiff failed to exhaust his

4



administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, 127 S.Ct. 910 (2007). To meet this burden, Defendants point to Plaintiff's own sworn statements in his verified Complaint that the Detention Center had a prisoner grievance procedure, but that he did not file a grievance concerning his claim prior to filing this lawsuit, nor had he received any final agency/departmental/institutional answer or determination concerning his claim from the Detention Center as a result of any grievance before filing this lawsuit. See Complaint, § II(C) and (D).

This evidence from Plaintiff himself is sufficient to meet the Defendants' burden under Anderson, and, as noted, Plaintiff has not filed any response to the Defendants' motion to dismiss or for summary judgment, and has not contested Defendants' argument that his case is subject to dismissal on this ground. Therefore, this case is subject to dismissal. Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts"]; Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000)["It is beyond the power of this court - or any other to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."](quoting Beeson v. Fishkill Corr. Facility, 28 F.Supp. 2d 884, 894-895 (S.D.N.Y. 1998)); Porter, 534 U.S. 516 [exhaustion required for all actions brought with respect to prison conditions].

### Conclusion

Based on the foregoing, it is recommended that the Defendants' motion to dismiss or for summary judgment be **granted**, and that this case be **dismissed,** without prejudice, for failure of



the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

October 8, 2013
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

