IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

Jerome Hart a/k/a Jerome V. Hart,      ) Civil Action No.: 9:13-260-MGL
                                       )
                        Plaintiff,     )
                                       )
            vs.                        )      **ORDER AND OPINION**
                                       )
Lt. John Doe, Nurse Jane Doe and       )
Doctor NFN Miles,                      )
                                       )
                     Defendants.       )
_____       )

Plaintiff Jerome Hart ("Plaintiff"), a federal prisoner proceeding *pro se*, initiated this

action pursuant to 42 U.S.C. § 1983 against Defendants Lt. John Doe, Nurse Jane Doe

("Doe Defendants") and Doctor NFN Miles ("Defendant Miles") ("collectively Defendants")

alleging violations of his constitutional rights.  (ECF No. 1).  In accordance with 28 U.S.C.

§ 636(b) and Local Rule 73.02, D.S.C., this action was referred to United States Magistrate

Judge Bristow Marchant for pretrial handling and a Report and Recommendation.

Magistrate Judge Marchant recommends granting Defendant Miles' Motion to Dismiss or

in the alternative for Summary Judgment due to Plaintiff's failure to exhaust his

administrative remedies.  The Report and Recommendation sets forth in detail the relevant

facts and standards of law on this matter and the court incorporates them without recitation.

## BACKGROUND

Plaintiff, who is incarcerated at the Federal Correctional Institution in Coleman,

Florida, filed this action against Defendants alleging deliberate indifference to his medical

needs arising out of falls he took at the Lexington County Detention Center in June  2011

and in November 2011.

**A.  Doe Defendants**

Upon review of the record, Plaintiff has failed to show that the Doe Defendants were ever properly served. In accordance with Federal Rule of Civil Procedure 4(m), a complaint must be served on a Defendant within 120 days of being filed. Because such time has elapsed since Plaintiff filed the instant action and the Doe Defendants have yet to be served, the action against them should be dismissed.

## B.  Defendant Miles

On August 5, 2013, Defendant Miles filed a Motion to Dismiss (ECF No. 36), or, alternatively, for Summary Judgment, arguing, in part, that Plaintiff failed to exhaust his administrative remedies. Because Plaintiff is proceeding *pro se*, the court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975) on August 6, 2013 (ECF No. 37), advising Plaintiff that a Motion to Dismiss or for Summary Judgment had been filed and of the possible consequences if he failed to adequately respond. Plaintiff's response to Defendant Miles' Motion to Dismiss or for Summary Judgment was due on September 9, 2013. After receiving no opposition to Defendant Miles' Motion to Dismiss, on September 13, 2013, the Magistrate Judge issued a Report and Recommendation recommending that this action be dismissed due to Plaintiff's failure to prosecute. (ECF No. 40). On September 16, 2013, Plaintiff filed a Motion for an Extension of time (ECF No. 42) to file a response to the pending Motion to Dismiss or for Summary Judgment (ECF No. 36). In an abundance of caution, the Magistrate Judge granted Plaintiff's Motion for an Extension of Time. (ECF No. 46). The Magistrate Judge advised Plaintiff that his response was due on October 2, 2013. *Id.* On October 8, 2013, once more after having not received any opposition to the Defendant's Motion to Dismiss or for Summary Judgment (ECF No. 36), the Magistrate Judge issued a second Report and

Recommendation.  (ECF No. 51).  The Magistrate Judge recommended that Defendant's motion to Dismiss or for Summary Judgment be granted due to Plaintiff's failure to exhaust his administrative remedies.  *Id.*  The parties were advised of their right to file objections to the Report and Recommendation.  (ECF No. 51 at 7).

On October 9, 2013, Plaintiff filed an untimely response in opposition to Defendant's Motion to Dismiss or for Summary Judgment.  (ECF No. 54).  Plaintiff's response was filed a month after his original response to Defendant's Motion to Dismiss or for Summary Judgment was due and seven days after his response was due pursuant to the extension granted by Magistrate Judge Marchant.  On October 17, 2013, Defendant Miles  filed a reply to Plaintiff's response and argued that Plaintiff's response should not be considered due to its untimeliness.  (ECF No. 55).

Objections to the Report and Recommendation (ECF No. 51) were due on October 25, 2013.  On October 29, 2013, Plaintiff filed a Motion for an Extension of Time to file objections to the Report and Recommendation.  (ECF No. 56).  Once again, out of an abundance of caution and recognizing that Plaintiff is proceeding *pro se*, the court granted Plaintiff's Motion for an Extension of Time.  In the Order granting Plaintiff an extension, Plaintiff was specifically advised that the court would not grant any further extensions, and the court would not consider any untimely response from Plaintiff.  Objections to the Report and Recommendation were due on November 15, 2013.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the court.  *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct.

549, 46 L.Ed.2d 483 (1976).  The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

Plaintiff was advised of his right to file objections to the Report and Recommendation.  (ECF Nos. 51 & 57).  However, Plaintiff has filed no objections and the time for doing so has expired.  In the absence of objections to the Magistrate Judge's Report and Recommendation, this Court is not required to provide an explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir.1983).  Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir.2005) (quoting Fed.R.Civ.P. 72 and advisory committee's note).

Here, because no objections have been filed, the court has reviewed the Magistrate Judge's findings and recommendations for clear error.  Finding none, the court agrees with the Magistrate Judge that the Plaintiff's claims against Defendants are subject to dismissal.

## CONCLUSION

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. The court agrees with the Magistrate Judge that Defendant Miles' Motion to Dismiss or for Summary Judgment should be granted.  Accordingly, the court adopts the Magistrate

Judge's Report and Recommendation (ECF No. 51) to the extent it is not inconsistent with this Order and incorporates it herein.

IT IS THEREFORE ORDERED that Defendant Miles' Motion to Dismiss is GRANTED (ECF No. 36) and the Doe Defendants are DISMISSED *SUA SPONTE.* This action is DISMISSED without prejudice.

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

November 18, 2013
Spartanburg, South Carolina